IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DARWIN LEROY LONG,<br><br>                       Plaintiff,<br>v.<br><br>WELLS FARGO BANK, N.A. as trustee for Option One Mortgage Loan Trust 2007-6, Asset-Backed Certificates, Series 2007-6; ETITLE INSURANCE AGENCY; HOMEWARD RESIDENTIAL fka AMERICAN HOME MORTGAGE SERVICING, INC.; and OCWEN MORTGAGE,<br>                       Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING MOTIONS TO DISMISS**<br><br>Case No. 2:14-cv-00463-DN<br><br>District Judge David Nuffer |

This case arose out of Defendant eTitle's ("eTitle") attempt to foreclose on a deed of trust granted by Plaintiff Darwin Long as security for a loan used to purchase the home. Long brought suit against a number of defendants, including eTitle; Wells Fargo Bank, N.A. as trustee for Option One Mortgage Loan Trust 2007-6 ("Wells Fargo Trustee"); Homeward Residential FKA American Home Mortgage Servicing, Inc. ("AHMSI"); and Ocwen Mortgage[1] ("Ocwen"), alleging that they have no right to collect the debt or foreclose on the home.[2] Long asks for declaratory relief and asserts other claims, including negligent and intentional misrepresentations, violations of the Utah Mortgage Fraud Act and the Fair Debt Collection Practices Act, and breach of fiduciary duties.

---

[1] Defendant Ocwen has asserted that its true name is Ocwen Loan Servicing, LLC. *See* Defendants Wells Fargo Bank, N.A., as Trustee, Homeward Residential, and Ocwen Loan Servicing, LLC's Motion to Dismiss Plaintiff's Complaint at 2, docket no. 20, filed Aug. 21, 2014. In this order, this defendant is referred to as Ocwen.

[2] Amended Complaint, docket no. 14, filed July 9, 2014.

Defendants, through two separate motions,[3] have moved to dismiss all claims. Because all of Long's claims have been asserted against all defendants collectively, and because the analysis of the claims is identical, the motions will be addressed collectively. For the following reasons, Defendants' Motions to Dismiss are GRANTED.

## STANDARD OF REVIEW

On a Rule 12(b)(6) motion to dismiss, a court is obligated to "accept as true all well-pleaded facts, as distinguished from conclusory allegations, and view those facts in the light most favorable to the nonmoving party."[4] "The complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support the plaintiff's allegations."[5] Plaintiffs must provide sufficient allegations to "nudge[] their claims across the line from conceivable to plausible."[6]

## ALLEGATIONS OF FACT

Long's Amended Complaint is over 50 pages long, with an additional 70 pages of attachments. Pursuant to the Rule 12(b)(6) standard described above, the allegations of fact contained in the pleading are accepted as true. However, conclusions of law, including Long's characterizations of certain recorded documents as fraudulent or invalid, are not accepted as true. Further, many of Long's allegations rest solely "on information and belief," even where

---

[3] Defendant eTitle Insurance Agency's *Second* Motion to Dismiss and Memorandum in Support (eTitle's Memo), docket no. 15, filed July 11, 2014; Defendants Wells Fargo Bank, N.A., as Trustee, Homeward Residential, and Ocwen Loan Servicing, LLC's Motion to Dismiss Plaintiff's Complaint and Memorandum in Support (Defendants' Memo), docket no. 20, filed Aug. 21, 2014.

[4] *Archuleta v. Wagner*, 523 F.3d 1278, 1283 (10th Cir. 2008) (quotation omitted).

[5] *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

[6] *Twombly*, 550 U.S. at 570.

verifying the information would be a simple task, such as verifying with the county recorder whether a document has or has not been filed.[7] Other allegations seem to contradict each other.[8]

Defendants ask the court to take judicial notice of additional documents, including an allonge ("Allonge")[9] to the promissory note signed by Long that purports to transfer the note to Well Fargo Bank, N.A. ("Wells Fargo N.A.").[10] Because the documents Defendants reference are referred to and described by Long in his Amended Complaint, and they appear to be recorded documents related to the property at issue, the court will take judicial notice of them. Accordingly, the relevant alleged facts are as follows:

1. Plaintiff Darwin L. Long and his wife purchased a home located at 7808 Dolphin Circle, Cottonwood Heights, Utah, 84121 (the "Property") on April 17, 2007.[11]

2. Long obtained financing for the purchase from Option One Mortgage Company ("Option One") in the amount of $270,000 by signing a promissory note ("Note").[12]

3. As security for Long's obligations under the Note, Long executed a Deed of Trust naming Option One as the beneficiary, which was recorded with the Salt Lake County Recorder in April 2007.[13]

---

[7] *See, e.g.*, Amended Complaint ¶¶ 83–87 (alleging, upon information and belief, that an allonge was never attached to the promissory note or recorded).

[8] *See, e.g.*, Amended Complaint ¶¶ 115–20 (alleging both that there is no contract or other writing between Option One and Wells Fargo related to the transfer of the promissory note to Wells Fargo and that Option One and Wells Fargo entered into a Pooling and Servicing Agreement that created a trust consisting of various residential loans, including Long's).

[9] Attached to Note, Ex. A to eTitle's Memo, docket no. 15; and Ex. A to Defendants' Memo, docket no. 20.

[10] *See* Defendants' Memo at 3 n.1 (citing *Toone v. Wells Fargo Bank, N.A.*, 716 F.3d 516, 521 (10th Cir. 2013) (a court may consider "documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity."); *United States v. Ritchie*, 342 F.3d 903, 907-08 (9th Cir. 2003) (a court may consider "documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice – without converting the motion to dismiss into a motion for summary judgment.")).

[11] Amended Complaint ¶¶ 70-73.

[12] *Id.* ¶¶ 72–73 and attachment 1, docket no. 14-1; eTitle's Memo at 3; Defendants' Memo at 3 and attached Ex. A.

4. An "Allonge to Note" dated April 17, 2007, transfers the Note to Wells Fargo N.A.[14]

5. Long stopped making payments on the Note in September 2009, causing it go into default.[15]

6. On March 22, 2010, eTitle executed a Notice of Default and Election to Sell ("2010 Notice of Default"), which was recorded with the Salt Lake County Recorder office as Entry No. 10919509.[16]

7. On or about April 1, 2010, Defendant Wells Fargo Bank, N.A., as Trustee [for Option One Mortgage Loan Trust 2007-6 Asset-backed Certificates, Series 2007-6], executed a Substitution of Trustee naming eTitle as successor trustee under the Deed of Trust ("2010 Substitution of Trustee").[17]

8. On or about June 17, 2010, Sand Canyon Corporation, formerly known as and successor in interest to Option One Mortgage Corporation, beneficiary under the Deed of Trust, executed an Assignment of Deed of Trust, transferring its beneficial interest to Wells Fargo Bank (the "Sand Canyon Assignment").[18]

---

[13] *Id*. ¶¶ 71-72 and attachment A, docket no. 14-1; eTitle's Memo at 3; Defendants' Memo at 3 and attached Ex. B.

[14] Amended Complaint ¶ 77; eTitle's Memo at 3 and attached Ex. A; Defendants' Memo at 4 and n.2 (stating "Wells Fargo Bank, N.A., is a separate entity and should not be confused with Defendant Wells Fargo, N.A. as Trustee for Option One Mortgage Loan Trust 2007-6, Asset-Backed Certificates, Series 2007-6.") and attached Ex. A.

[15] Amended Complaint ¶ 128.

[16] eTitle's Memo at 4; attachment 2 to Amended Complaint, docket no. 14-2.

[17] Defendants' Memo at 4 and attached Ex. D; eTitles's Memo at 4; Amended Complaint, ¶ 134 and attachment 3, docket no. 14-3.

[18] Defendants' Memo at 4 and attached Ex. C; Amended Complaint, ¶ 148; eTitle's Memo at 5.

9. On May 1, 2012, eTitle executed a Cancellation of Notice of Default cancelling the 2010 Notice of Default which was recorded with the Salt Lake County Recorder's office as Entry No. 11381518.[19]

10. On May 1, 2012, eTitle executed a Notice of Default and Election to Sell ("2012 Notice of Default") which was recorded with the Salt Lake County Recorder's office as Entry No. 11381519.[20]

11. On January 8, 2013, Defendant Wells Fargo Bank, N.A., as Trustee [for Option One Mortgage Loan Trust 2007-6 Asset-Backed Certificates, Series 2007-6], executed a Substitution of Trustee ("2013 Substitution of Trustee") appointing eTitle as substitute trustee under the Long Trust Deed.[21]

12. On or about March 1, 2013, Ocwen became servicer of Long's Note and Trust Deed (collectively, the "Loan").[22]

13. To correct any possible error or confusion with the Sand Canyon Assignment, Option One, by and through Ocwen as servicer and attorney-in-fact, executed a second Assignment of Deed of Trust (the "Ocwen Assignment") on August 21, 2013, transferring the beneficial interest in the Property to Wells Fargo Bank, N.A., as trustee for Option One Mortgage Loan Trust 2007-6 Asset-Backed Certificates, Series 2007-6, which was recorded with the Salt Lake County Recorder's Office as Entry No. 11749529 on October 28, 2013.[23]

---

[19] eTitle's Memo at 4; attachment 8 to Amended Complaint, docket no. 14-10.

[20] eTitle's Memo at 4-5; attachment 9 to Amended Complaint, docket no. 14-11.

[21] eTitles's Memo at 5 and attached Ex. B.

[22] Amended Complaint ¶¶ 205–207; Defendants' Memo at 4 and attached Ex. E.

[23] Amended Complaint ¶¶ 208-09; Defendants' Memo at 4 and attached Ex. F; eTiitle's Memo at 5-6 and attached Ex. C.

14. No one asserts that Long has brought the Note current or made any further payments on the Note since September 2009.

## ANALYSIS

Long attempts to avoid the foreclosure on his home by attacking the assignments of the lender, servicer, and trustee involved with his Deed of Trust and Note. Claims similar to those raised by Long have been addressed and rejected in numerous other cases.[24] The crux of the case is that Long is in default under the terms of the Note. Under Utah law[25] and the terms of the Note[26] and Trust Deed,[27] the holder or assignee of those documents can foreclose on Long's property.

A mortgagor or trustor of a trust deed lacks standing to challenge the validity of an assignment or transfer of the property interest or promissory note because the mortgagor or trustor is not a party to any of those transfers.[28] Long therefore has no standing to contest the assignments of the Note or Trust Deed as he is not a party to any of the assignments.[29] Accordingly, he cannot challenge the various documents as invalid or fraudulent. He is not

---

[24] *See e.g., Burnett v. Mtg. Elec. Regis. Sys., Inc.*, No. 1:09CV00069DAK, 2009 U.S. Dist. LEXIS 100409 (D. Utah Oct. 27, 2009) (rejecting many of the same arguments and claims asserted by plaintiff in this case), *aff'd on other grounds,* 706 F.3d 1231 (10th Cir. 2013).

[25] Utah Code Ann. § 57-1-35.

[26] Note, attached as Ex. A to eTitle's Memo, docket no. 15; and Ex. A to Defendants' Memo, docket no. 20.

[27] Trust Deed, attachment 1 to Amended Complaint, docket no. 14-1; and Ex. B to Defendants' Memo, docket no. 20.

[28] *See e.g., In re Correia*, 452 B.R. 319, 324 (B.A.P. 1st Cir. 2011) (affirming bankruptcy court's determination that the "debtors lacked standing to challenge the mortgage's chain of title under the PSA [Pooling and Servicing Agreement]."); *In re Sandford*, No. 11-10-14424 TS, 2012 Bankr. LEXIS 5609, at *9-10 (Bankr. D.N.M. Dec. 3, 2012); *Bateman v. Countrywide Home Loans*, No. 12-00033 SOM/BMK, 2012 U.S. Dist. LEXIS 162703, at *9-10 (D. Haw. Nov. 14, 2012) ("borrowers generally lack standing to challenge the assignments of their loans").

[29] *See* Amended Complaint at 35 (Relief: Declaratory Judgments), 38 (Second Cause of Action: Negligent Misrepresentations), and 41 (Third Cause of Action: Intentional Misrepresentations).

entitled to a declaratory judgment that the assignments are invalid.[30] He cannot claim that the statute of frauds bars enforcement of agreements to which he is not a party.[31] Accordingly, these claims must all be dismissed.

Long also seeks to quiet title[32] and asserts breach of contract causes of action,[33] as well as claims under the Utah Mortgage Fraud Act[34] and the Federal Fair Debt Collection Practices Act.[35] Each of these claims fail and must also be dismissed.

First, Utah courts have long held that "to succeed in an action to quiet title to real estate, a plaintiff must prevail on the strength of his own claim to title and not on the weakness of a defendant's title or even its total lack of title."[36] Long has attempted to refute this requirement by citing to *In re Hoopiiaina Trust*.[37] But that case actually supports the proposition that one must proceed on the strength of their own claim to title as set forth above, in dealing with a dispute over whether certain trusts and wills vested one party with superior title over another party.[38] Unlike that case, and just like *Marty v. Mortgage Electronic Registration Systems*,[39] Long has provided no evidence regarding the strength of his title or the superiority of his title over any

---

[30] Long has not presented plausible allegations that any of the documents are invalid. Utah law instructs that "[a] recorded notice of assignment of a beneficial interest, executed by the assigning beneficiary, is prima facie evidence of an assignment of the trust deed as described in the notice." Utah Code Ann. § 57-1-22.5(1).

[31] *See* Amended Complaint at 44 (Fourth Cause of Action: Violations of the Statute of Frauds).

[32] *Id.* at 36 (First Cause of Action: Action for Quiet Title).

[33] *Id.* at 46 (Sixth Cause of Action: Breaches of Fiduciary Duty).

[34] *Id.* at 45 (Fifth Cause of Action: Violation of the Utah Mortgage Fraud Act).

[35] *Id.* at 47 (Seventh Cause of Action: Violations of the Fair Debt Collection Practices Act).

[36] *Church v. Meadow Springs Ranch Corp., Inc.*, 659 P.2d 1045, 1048-49 (Utah 1983).

[37] 2006 UT 53, 144 P.3d 1129.

[38] *Id.* at ¶¶ 2–12.

[39] No. 1:10-cv-33-CW, 2010 U.S. Dist. LEXIS 111209, at *28 (D. Utah Oct. 19, 2010) ("Plaintiff, however, does the exact opposite. Plaintiff attacks any claim of title by Defendants, asserting the failure of Defendants to retain any interest in the obligations under the Notes voided any title or power they might have under the Trust Deeds, and rendered the Trust Deed unenforceable by them. This is not sufficient to succeed under a quiet title action." (internal quotation and alterations omitted)).

claim of title by Defendants. Long simply points to certain documents that purport to transfer title or rights to Defendants, summarily declares them invalid (mostly on "information and belief"), and apparently claims that this vests someone, possibly himself, with superior title. Long has not shown how his (or anyone else's) claim of title to the property is superior to the Defendants' claim. Accordingly, the claim must be dismissed.

Long also asserts a claim described as a breach of fiduciary duty cause of action, though the allegations attempt to describe a breach of the implied covenant of good faith and fair dealing.[40] Whichever of the two claims Long intended to assert, both fail. "A non-judicial foreclosure trustee does not owe a fiduciary duty to the trustor merely because of their general relationship under the deed of trust."[41] And if the cause of action is for a breach of the covenant of good faith and fair dealing, it also fails because Long has not alleged what specific contract or agreement with Defendants forms the basis for the claim.[42] General, unspecified allegations are insufficient to properly allege a cause of action and this claim must be dismissed.

Long's fifth cause of action[43] asserts a claim under the Utah Mortgage Fraud Act.[44] As stated by Defendants, and as admitted by Long, the statute at issue is a criminal statute that does not provide a private right of action.[45] Accordingly, this claim must be dismissed.

---

[40] Amended Complaint at 46-47. It is unclear from the Amended Complaint whether the cause of action is really a fiduciary duty claim or a good faith claim.

[41] *Burnett*, 2009 U.S. Dist. LEXIS 100409, at *14 (citing *Russell v. Lundberg*, 2005 UT App 315, ¶ 19, 120 P.3d 541).

[42] *See* Amended Complaint ¶ 279 ("On information and belief, any and all documents that e-title and other defendants purportedly base their supposed authority on, including any Deed of Trust, constitute a contract that contains the above stated implied covenants.").

[43] Amended Complaint at 45-46.

[44] Utah Code Ann. § 76-6-1203.

[45] *See* Defendants' Memo at 28–29; Response Memorandum by Plaintiff Darwin Long in Opposition to a Rule 12(b)(6) Motion to Dismiss by Defendants Wells Fargo Bank, N.A., as Trustee for Option One Mortgage Loan Trust 2007-6, Asset-Backed Certificates, Series 2007-6; Homeward Residential, fka, American Home Mortgage Servicing, Inc., and Ocwen Mortgage (Opposition to Defendant's Memo) at 23, filed Sept. 30, 2014.

Finally, Long asserts a claim under the Fair Debt Collection Practices Act ("FDCPA").[46] A party may be liable under the FDCPA if it "use[s] any false, deceptive, or misleading representation or means in connection with the collection of [a] debt,"[47] "use[s] unfair or unconscionable means to collect or attempt to collect [a] debt,"[48] or if it engages in conduct that will "harass, oppress, or abuse any person in connection with the collection of a debt."[49] Although this is not an exhaustive list of forbidden or required conduct under the FDCPA, it shows that the FDCPA is only concerned with activities "in connection with the collection of any debt."[50] However, "[a] trustee engaged to effectuate a non-judicial foreclosure does not act 'in connection with the collection of [a] debt.'"[51] Accordingly, Long's FDCPA claim fails. The allegations Long provides in support of his claim focus on eTitle's attempt to foreclose on the property. Long has not alleged that eTitle was acting in connection with the collection of a debt. The only allegations that reference the other Defendants simply claim that "[o]n information and belief [Defendants] have attempted to collect a debt from Darwin Long" and that "[o]n information and belief all the defendants attempted to collect the debt from Darwin Long without proper authorization to do so."[52] These allegations are insufficient to state a claim under the FDCPA. Long has not provided a single factual allegation of any event or conduct that would violate the FDCPA. Accordingly, the entire claim must be dismissed as to all parties.

---

[46] Amended Complaint at 47-49.

[47] 15 U.S.C. § 1692e.

[48] 15 U.S.C. § 1692f.

[49] 15 U.S.C. § 1692d.

[50] *Id.*

[51] *Burnett*, 2009 U.S. Dist. LEXIS 100409, at *8.

[52] Amended Complaint ¶¶ 285–86.

## ORDER

For the foregoing reasons,

IT IS HEREBY ORDERED Defendant eTitle's Motion to Dismiss[53] and Defendants' Motion to Dismiss[54] are GRANTED. Long's Amended Complaint is DISMISSED WITH PREJUDICE. The clerk is directed to close this case.

Signed March 17, 2015.

BY THE COURT

_____
District Judge David Nuffer

---

[53] Docket no. 15.

[54] Docket no. 20.